STATE OF MINNESOTA                                DISTRICT COURT

COUNTY OF HENNEPIN                        FOURTH JUDICIAL DISTRICT

_____

|                                        | Case Type: Contract |
|----------------------------------------|---------------------|

Walden Fleet Group, Inc., Southview         Court File No. _____
Chevrolet, Co. and Denny Hecker's
Cadillac – Pontiac - GMC, Inc.,

                Plaintiffs,                    **SUMMONS**

vs.


GMAC, LLC,

              Defendant.

_____

**THE STATE OF MINNESOTA TO THE ABOVE-NAMED DEFENDANTS:**

     You are hereby summoned and required to Answer the Complaint in this action, a copy of which is attached hereto, and to serve a copy of your Answer on Plaintiff's counsel within twenty (20) days of the date this Summons is served upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

     Pursuant to Minn. Stat. § 543.22 you are further notified that under the Minnesota General Rules of Practice, all civil cases are subject to Alternative Dispute Resolution (ADR) processes, except for those actions enumerated in Minn. Stat. § 484.76 and Minnesota General Rules of Practice 111.01 and 310.01. The Court Administrator of the above-captioned Court can provide you with information about available ADR processes and neutrals.

Dated: July 29, 2009                         **MOHRMAN & KAARDAL, P.A.**

                                         William F. Mohrman, #168816
                                         James R. Magnuson, #389084
                                         33 South 6th Street, Suite 4100
                                       Minneapolis, MN  55402
                                         V 612.341.1074
                                         F 612.341.1076
                                       *Attorneys for Plaintiffs*

STATE OF MINNESOTA                           DISTRICT COURT

COUNTY OF HENNEPIN                    FOURTH JUDICIAL DISTRICT

---

Walden Fleet Group, Inc., Southview
Chevrolet, Co. and Denny Hecker's
Cadillac – Pontiac - GMC, Inc.,

                Plaintiffs,

vs.


GMAC, LLC,

                Defendant.

Case Type: Contract

Court File No. _____


**COMPLAINT**

---

      Plaintiffs, for their Complaint against Defendant GMAC, LLC, state, upon knowledge

with respect to their own acts and upon information and belief with respect to all other matters,

as follows:

## INTRODUCTION

1.   Plaintiffs are automobile dealerships located in the State of Minnesota. Defendant

     provided financing for Plaintiffs' automobile dealerships.  In early 2009, Plaintiffs

     defaulted on their financing obligations to Defendant.  As a result, Defendant required

     that Defendant receive the proceeds from every automobile sale made by the Plaintiff

     dealerships. In conjunction with those sales, Defendant received not only the sale

     price of the vehicle, but all sales taxes, license fees and title fees on the sale of the

     vehicles which Defendant was required to remit to the state of Minnesota.  In

     addition, on those automobile sales which involved a "trade-in," part of the proceeds

     Defendant received would also include the "lien payoff" on the "trade in" automobile

1

the purchaser traded in conjunction with the purchase of a new vehicle, which

Defendant was likewise required to remit the lien holder.

2.  Despite Defendant's obligations to remit that portion of the proceeds from automobile

sales Defendant received to either the State of Minnesota or the lien holder on

vehicles traded in conjunction with the purchase, Defendant failed to properly remit

these payments.

3.  Plaintiffs have made repeated requests of Defendant to properly remit the proceeds

Defendant received from automobile purchases to either the State of Minnesota or the

lien holders on automobile trade-ins made in conjunction with those purchases and to

provide an accounting for the funds Defendant received.  Defendant has failed to

properly account for all the proceeds it received from the sales.

4.  Plaintiffs commenced this action against Defendant seeking an accounting of all

proceeds Defendant received from automobile purchases and, in the alternative, for

any damages Plaintiff suffered as a result of Defendant's failure to properly account

for and remit payments to either the State of Minnesota or the lien holders on trade-in

vehicles made in conjunction with automobile purchases.

## FACTS

5.  Plaintiff Walden Fleet Group, Inc. is a Minnesota corporation with its principal place

of business in Pine County, Minnesota and primarily engaged in the automobile

dealership business.

6.  Plaintiff Southview Chevrolet Co. is a Minnesota corporation with its principal place

of business in Dakota County, Minnesota and primarily engaged in the automobile

dealership business.

2

7. Plaintiff Denny Hecker's Cadillac – Pontiac - GMC, Inc. is a Minnesota corporation with its principal place of business in Washington County, Minnesota and primarily engaged in the automobile dealership business.

8. Defendant GMAC, LLC is a limited liability company with its personal place of business in the State of Michigan and is primarily engaged in the business of providing financing to automobile dealerships. Automobile manufacturer General Motors owns approximately 50% of the membership interests in Defendant GMAC, LLC.

9. Defendant provided the primary financing to Plaintiffs' automobile dealerships for numerous years.

10. In early 2009, because of the precipitous decline in the American economy resulting in an approximate 50% decline nationally in automobile sales, Plaintiffs were unable to sell automobiles Plaintiffs had purchased from General Motors by Defendant. In addition, General Motors had provided significant "dealer incentives," cash payments made to automobile dealers upon the sale of new automobiles, in order to encourage the purchase of new automobiles. These significant "dealer incentives" oftentimes would allow Plaintiffs to offer for sale new automobiles to purchasers at below invoice price. However, in early 2009, General Motors announced that it was unilaterally delaying the payment of these "dealer incentives" to automobile dealers such as the Plaintiffs. As a result, Plaintiffs had severe cash liquidity issues in early 2009.

11. Despite the fact that Defendant had a first security interest in all of Plaintiffs' assets, including the new vehicles for sale and the "dealer incentives" General Motors had

provided, Defendant refused to allow Plaintiffs to sell any vehicles to purchasers unless the full amount Plaintiffs owed to Defendant for financing that particular vehicle was paid, regardless of whether the automobile was sold for less than the invoice amount because of General Motors "dealer incentives."

12. In addition, in early 2009, Defendant required Plaintiffs to post over $600,000 in an offset account with Defendant for amounts Plaintiffs would owe on the sale of automobiles.

13. Finally, in March, 2009, Defendant took possession of the keys and title documentation of all of Plaintiffs' automobiles which Defendant had financed. If Plaintiffs sold any of those automobiles, Defendant would not allow the keys and title documentation to be transferred to the purchasers of those automobiles unless all proceeds from the sale, including amounts for taxes, licensing fees and, if applicable, lien payoffs on trade in vehicles, were paid directly to Defendant upon the closing of the automobile sale.

14. Minn. Stat. 297B.10 (b) provides that "any person" who "collects" taxes and other amounts due on the sale of an automobile and must remit those amounts to the State. "Any person" under Minn. Stat. 297B.10 (b) includes Defendant.

15. In April, 2009, Plaintiffs learned that Defendant was not remitting to the State of Minnesota the amount Defendant received on such sales for tax, license and title fees. As a result, Plaintiffs requested that Defendant provide an accounting for the amount it received on such sales and to remit any taxes or fees owed to the State of Minnesota or to lien holders. Defendant refused to provide such an accounting for all sales. In

addition, Plaintiffs requested that Defendant use the offset account to pay the State of Minnesota and the lien payoff.

16. On June 17, 2009, law enforcement officials from the State of Minnesota executed search warrants on Plaintiffs' properties seeking information on why tax, title and license fees as well as lien payoffs had not been made in conjunction with automobile sales Plaintiffs made, but on which Defendant received all the proceeds from those sales.

17. In addition, in June, 2009, General Motors filed for bankruptcy protection.  Under its Chapter 11 Plan, General Motors terminated numerous dealerships and offered those dealerships monies pursuant to "wind down" agreements during the wind down process.  Plaintiffs were offered such "wind down" agreements and accepted the offers from General Motors.  Pursuant to Defendant's lending agreements with Plaintiffs, Defendant will receive these monies from General Motors to the extent the loans Defendant made to the Plaintiffs remain unsatisfied.

18. As a result, Plaintiffs are commencing this action seeking an accounting from Defendant and, to the extent Plaintiffs have been damaged by Defendant's actions, monetary damages from Defendant.

CLAIMS FOR RELIEF
First Claim for Relief
(Accounting)

19. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 17 above.

20. Defendant had an obligation to account to Plaintiffs for tax, title, license, lien payoffs or other amounts which needed to be paid to third parties in conjunction with the sale of automobiles on which Defendant received the proceeds.

21. Defendant failed to provide such an accounting.

22. Plaintiffs request that the Court order Defendant to provide an accounting of proceeds Defendant received from automobile sales.

<u>Second Claim for Relief – In the Alternative</u>
<u>(Breach of Duty to Pay Amounts Due On Sale)</u>

23. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 22 above.

24. Defendant was legally obligated to pay to third parties, including the State, any amounts received on automobile sales

25. To the extent that Plaintiffs are liable for any amounts to third parties based on Defendant's failure to remit amounts Defendant collected to third parties, Plaintiffs have been damaged by such actions and request judgment against Defendant for such amounts.

<u>Third Claim for Relief – In the Alternative</u>
<u>(Order To Transfer Funds From General Motors For Amounts Due On Sale)</u>

26. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 25 above.

27. Defendant was legally obligated to pay to third parties, including the State, any amounts received on automobile sales

28. To the extent that Plaintiffs are liable for any amounts to third parties based on Defendant's failure to remit amounts Defendant collected to third parties, Plaintiffs

6

seek a Court Order directing Defendant to use the proceeds of any amounts received from General Motors to pay amounts due either to the State of Minnesota or for lien payoffs.

WHEREFORE, Plaintiffs request that the Court Order Defendant to provide an accounting to Plaintiffs or, in the alternative, either award Plaintiffs damages in an amount to be determined at trial or Order Defendant to transfer to Plaintiff amounts received from General Motors to the extent necessary to pay amounts due to the State of Minnesota or for lien payoffs. In addition, Plaintiffs request that the Court award Plaintiffs their costs, expenses and disbursements, including attorney fees, and grant such other, further and different relief as the Court deems just and equitable.

Dated: July 29, 2009

MOHRMAN & KAARDAL, P.A.

William F. Mohrman, #168816
James R. Magnuson, #389084
33 South 6th Street, Suite 4100
Minneapolis, MN  55402
V 612.341.1074
F 612.341.1076
*Attorneys for Plaintiffs*

7

STATE OF MINNESOTA

COUNTY OF HENNEPIN
_____

Walden Fleet Group, Inc., Southview
Chevrolet, Co. and Denny Hecker's
Cadillac – Pontiac - GMC, Inc.,

              Plaintiffs,

vs.


GMAC, LLC,

              Defendant.
_____

DISTRICT COURT

FOURTH JUDICIAL DISTRICT

Case Type: Contract

Court File No. _____

**NOTICE AND
ACKNOWLEDGEMENT OF
SERVICE BY MAIL**

## NOTICE OF SERVICE BY MAIL

TO:    Defendant GMAC, LLC, c/o Mr. Michael Haag, Foley & Mansfield, 250 Marquette
        Avenue, Suite 1200, Minneapolis, MN 55401.

      The enclosed Summons and Complaint are served pursuant to Rule 4.05 of Minnesota
Rules of Civil Procedure.

      You must complete the acknowledgment part of the form and return one copy of the
completed form to the sender within 20 days.

      **Signing this Acknowledgment of Receipt is only an admission that you have received
the Summons and Complaint and does not waive any other defenses.**

      You must sign and date the acknowledgment. If you are served on behalf of a
corporation, unincorporated association (including a partnership), or other entity, you must
indicate under your signature your relationship to that entity. If you are served on behalf of
another person and you are authorized to receive process, you must indicate under your signature
your authority.

      **If you do not complete and return the form to the sender within 20 days, you (or the
party on whose behalf you are being served) may be required to pay any expenses incurred
in serving the Summons and Complaint in any other manner permitted by law.**

      If you do complete and return this form, you (or the party on whose behalf you are being
served) must Answer the Complaint within 20 days. If you fail to do so, judgment by default
will be taken against you for the relief demanded in the Complaint.

I declare, under penalty of perjury, that this Notice and Acknowledgment of Receipt of Summons and Complaint was mailed on July 29, 2009.

Date of Signature:  July 29, 2009.

_____

William F. Mohrman

## ACKNOWLEDGMENT OF RECEIPT OF
## SUMMONS AND COMPLAINT

I declare, under penalty of perjury, that I received a copy of the Summons and Complaint in the above-captioned matter at (INSERT ADDRESS BELOW):

_____ .

_____ .

_____ .

_____

Signature of _____

_____

Relationship to Entity/Authority to Receive
Service of Process

_____

Date of Signature

2