IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
FOURTH DIVISION

| | |
|---|---|
| Walden Fleet Group, Inc., Southview Chevrolet, Co., and Denny Hecker's Cadillac – Pontiac – GMC, Inc, | Court File No. 0:09-cv-02209-JNE-RLE |
| Plaintiffs, | **DEFENDANT'S MOTION FOR DISMISSAL** |
| -vs- | |
| GMAC LLC, | |
| Defendant. | |

Pursuant to Rule 12(b)(6), F.R.Civ.P., Defendant hereby moves the court for an Order dismissing plaintiffs' complaint for failure to state a claim upon which relief may be granted.

**FOLEY & MANSFIELD, P.L.L.P.**

Dated: August 24, 2009    By: _____
Michael W. Haag (#39007)
Thomas J. Lallier (#163041)
250 Marquette Avenue, Suite 1200
Minneapolis, MN 55401
(612) 338-8788

**Attorneys for Defendant**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
FOURTH DIVISION

| | |
|---|---|
| Walden Fleet Group, Inc., Southview Chevrolet, Co., and Denny Hecker's Cadillac – Pontiac – GMC, Inc, <br><br>       *Plaintiffs*, <br><br>-vs- <br><br>GMAC LLC, <br><br>       *Defendant*. | Court File No. 0:09-cv-02209-JNE-RLE <br><br> **DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR DISMISSAL** |

## INTRODUCTION

Plaintiffs commenced this action in state district court seeking the equitable relief of an accounting from Defendant GMAC. Alternatively, plaintiffs seek damages in an unspecified amount. Defendant removed the matter to this court and now moves to dismiss Plaintiffs' complaint on the ground that it fails to state a claim upon which relief may be granted.

## FACTS

Following are the essential facts, drawn from the four corners of Plaintiffs' Complaint ("[W]hen analyzing a motion to dismiss, the Court presumes all facts alleged in the complaint to be true." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232-2233, 81 L.Ed.2d 59 (1984)).

1. Defendant GMAC provides financing to automobile dealerships, including Plaintiffs.

2. Plaintiffs are three automobile dealerships incorporated in Minnesota, located in Pine County, Dakota County, and Washington County, Minnesota respectively.

3. GMAC has provided financing to Plaintiff dealerships for a number of years.

4. In early 2009, Plaintiffs each defaulted on their payment obligations to GMAC. Thereafter, Defendant required Plaintiffs to provide it with the proceeds received by Plaintiffs from subsequent sales of automobiles which were collateral for GMAC. Each sale by Plaintiffs had to pay the amount owed to Defendant in financing each particular vehicle sold.

5. In March 2009, Defendant took possession of the keys and title documentation of all vehicles of Plaintiffs' which Defendant had financed and arranged to directly receive the amount it was owed at the closing of each sale of such vehicles.

6. Plaintiffs further contend that the amounts received by Defendant on the proceeds of vehicle sales included taxes and license fees payable to the State of Minnesota.

7. Plaintiffs have requested that Defendant provide an accounting to them of the amounts Defendant received from such sales. They are alternatively requesting monetary damages in an amount equivalent to "the extent Plaintiffs have been damaged by Defendant's actions." (See paragraphs 18 and 25 of the Complaint).

8. Plaintiffs do not allege that they have a fiduciary relationship with Defendant.

**LEGAL STANDARD – MOTION TO DISMISS**

A motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6) tests the sufficiency of the complaint. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). When analyzing a motion to dismiss, the Court presumes all facts alleged in the complaint to be true. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232-2233, 81 L.Ed.2d 59 (1984). Dismissal of the complaint is warranted if Plaintiffs have not pleaded "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1960, 550 U.S. 544, 570 (2007). A claim is plausible when sufficient factual content allows the court to draw reasonable inferences that the defendant is liable for the

misconduct alleged. *Id.* This standard, until recently, more readily allowed plaintiffs to make conclusory allegations and potentially survive a motion to dismiss. That standard was recently altered by the United States Supreme Court in *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

In *Iqbal*, the Court held that naked assertions devoid of further factual enhancement will not allow a plaintiff to state a claim. *Id.* More clearly stated, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief." *Id.*, citing Fed. R. Civ. P 8(a)(2). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, citing *Twombley*, 550 U.S. at 555. "Determining whether a complaint states a plausible claim for relief will…be a context-specific task that requires the reviewing court to draw on its experience and common sense. *Id.*

The complaint must be viewed in the light most favorable to the plaintiff and all reasonable inferences must be drawn in plaintiff's favor. *Id.* The court should dismiss a complaint, however, when it appears the plaintiff cannot prove any set of facts in support of its claim which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957)." *U.S. v. Ellerbe Becket, Inc..* 976 F.Supp. 1262, 1265 (D.Minn. 1997).

**ARGUMENT**

**PLAINTIFFS' EQUITABLE REQUEST FOR AN ACCOUNTING FAILS AS A MATTER OF LAW, AS THERE IS NOT A FIDUCIARY RELATIONSHIP BETWEEN PLAINTIFFS AND DEFENDANT.**

Plaintiffs' central alleged cause of action is for an accounting. An action to compel an accounting is an equitable action. *Security Sav. Bank v. Green Tree Acceptance, Inc.*, 739 F.Supp. 1342, 1352 (D.Minn. 1990). In order to obtain this equitable relief, a plaintiff must establish the existence of a fiduciary relationship with its adversary. *Id.* (plaintiffs must allege

3

"sufficient facts" to prove fiduciary relationship to receive equitable accounting); *see also Boone v. Wells Fargo,* 2009 WL 2086502, 1 (D.Minn. 2009)[1] ("[b]efore the duty to provide an accounting arises, a plaintiff must show 'the confidential or fiduciary relationship between the parties.'"). Plaintiffs have not alleged any type of fiduciary relationship between themselves and Defendant, and such relationship does not exist.

"Fiduciary," as defined by M.S.A. § 520.01, includes "a trustee under any trust, expressed, implied, resulting or constructive, executor, administrator, guardian, conservator, curator, receiver, trustee in bankruptcy, assignee for the benefit of creditors, partner, agent, officer of any corporation public or private, public officer, or any other person acting in a fiduciary capacity for any person, trust, or estate." A fiduciary is a person who must "act for the benefit of another person on all matters within the scope of their relationship," *Swenson v. Bender,* 764 N.W.2d 596, 601 (Minn. Ct. App. 2009), and who "enjoys a superior position in terms of knowledge and authority and in whom the other party places a high level of trust and confidence." *Thomas B. Olson & Associates, P.A. v. Leffert, Jay & Polglaze, P.A.,* 756 N.W.2d 907, 914 (Minn.App. 2008). A relationship that gives rise to fiduciary duties transcends an ordinary business relationship, *Id.*, and the duty imposed is "the highest standard of duty implied by law." *D.A.B.v. Brown,* 570 N.W.2d 168, 172 (Minn. Ct. App. 1997). Some relationships automatically incorporate fiduciary duties, while other cases depend on the specific circumstances of the relationship. *Leffert,* 756 N.W.2d at 914.

The relationship between a bank (lender) and its customer (borrower) is one of creditor and debtor, not fiduciary. In *Boone v. Wells Fargo Bank, N.A.,* 2009 WL 2086502, 1 (D.Minn. 2009), plaintiff was a banking customer of defendant Wells Fargo for both personal and business purposes. Plaintiff alleged that defendant's account practices caused him to pay overdraft fees

---

1. *Boone* is a very recent US District Court case directly on point – in that the central claim was an action by a

4

and suffer bounced checks, harming his business. The court granted summary judgment for Wells Fargo on plaintiff's request for an accounting because the relationship between a bank and its customer is not a fiduciary relationship, but is one of creditor and debtor[2] which is not one of agent and principal." (*citing Hurley v. TCF Banking and Sav., F.A.*, 414 N.W.2d 584, 587 (Minn. Ct. App. 1987).

Plaintiffs in this case have not alleged any level of fiduciary relationship between themselves and defendant, and have not set forth any facts that would even hint at the existence of such relationship. Plaintiff is a customer of and debtor to defendant GMAC, and this relationship does not give rise to fiduciary duties absent unique circumstances. As the allegations in the Complaint do not include one of the required elements of an equitable action for an accounting, such claim must therefore be dismissed.

## CONCLUSION

For the reasons set forth above, Defendant asks this court to dismiss plaintiff's Complaint.

Dated: August 24, 2009

**FOLEY & MANSFIELD, P.L.L.P.**

By: _____
Michael W. Haag (#39007)
Thomas J. Lallier (#163041)
250 Marquette Avenue, Suite 1200
Minneapolis, MN 55401
(612) 338-8788

**Attorneys for Defendant**

---

borrower against his bank seeking an accounting. *Boone* is cited herein because Judge Frank, in granting summary judgment to the bank, discusses Minnesota case law at length.

2. The court cited *Impulse Trading, Inc. v. Norwest Bank Minn., NA*, 870 F. Supp. 954, 961 (D. Minn. 1994), a case in which plaintiff bank customer sued defendant bank for an allegedly erroneous bank deposit and transfer.